UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00074-GNS

ANTOINE D. EVERETT                                                                                PLAINTIFF

V.

METROPOLITAN LIFE INSURANCE
COMPANY                                                                                                  DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

Plaintiff Antoine D. Everett ("Everett") has filed a motion to amend his complaint to add claims under the Kentucky Unfair Claims Settlement Practices Act. (DN 23). Defendant Metropolitan Life Insurance Company ("Met Life") has filed a response in opposition (DN 26), and Everett has filed a reply (DN 27). For the following reasons, Everett's motion to amend is **denied.**

Background

As an employee of General Electric Company ("GE"), Antoine Everett purchased $250,000 of Accidental Death and Dismemberment ("AD&D") benefits for his spouse under the company's "Accident Plan." (DN 1, at p. 2; DN 13, at pp. 3-4). On December 30, 2014, Everett's spouse passed away. (DN 1, at p. 2; DN 13, at p. 4). Everett asserts that his spouse died as a result of an accident, specifically "acute multidrug toxicity" (DN 1, at pp. 2-3), while Met Life denies allegations that her death was the result of an accident. (DN 13, at p. 4).

Everett submitted his claim for dependent AD&D benefits under the Policy and Plan, which MetLife denied by letter dated June 2, 2015. (DN 1, at p. 2; DN 13, at p. 4). MetLife's letter outlined that Everett's spouse's death is not considered a covered loss under the plan because "her death was contributed to significantly by her medical conditions" and, independently, because the Medical Examiner's report indicated she was "overcompliant on Celexa and undercompliant on other medications," meaning she was not taking her medications properly in the course of treatment. (DN 1, at pp. 2-3).

On August 31, 2015, Everett appealed the denial of his claim for AD&D benefits by letter. (DN 13, at p. 4). Shortly thereafter Everett provided supporting documentation for his appeal, including a declaration from the state Medical Examiner. (Id.). MetLife denied Everett's appeal on September 21, 2015, stating again that his spouse's death "was not solely and directly the result of the accident." (DN 1, at p. 4).

Everett appealed to this Court, asserting a single claim for improper denial of accidental death benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (DN 1, at p. 4). Now, Everett seeks leave to amend his complaint to add a second claim for relief, this time under KRS § 304.12-230, the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"). (DN 23-1, at pp. 6-7). Everett's proposed claim reads as follows:

> KRS 304.12-230 ("KUCSPA") prohibits insurers, including Met Life, from committing a detailed list of acts which are deemed to be unfair claims settlement practices. By way of example, and not an exhaustive list, Met Life is prohibited from:
>
> a. misrepresenting pertinent facts (e.g. Mr. Everett's evidence supporting payment of the claim, including the Medical Examiner's affidavit);
>
> b. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies (e.g. delaying issuing a written

2

decision to Mr. Everett, including failing to obtain medical evidence and ignoring the Medical Examiner's affidavit);

c. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies (e.g. processing Mr. Everett's claim with a pre-ordained objective of denying the claim regardless of the evidence, with a focus on the claim size);

d. refusing to pay claims without conducting a reasonable investigation based upon all available information (e.g. failing to obtain any medical review of Mr. Everett's claim, misrepresenting the findings of the Medical Examiner, ignoring the Medical Examiner's affidavit, and pre-judging the claim result);

e. failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed (e.g. again delaying a decision for the sake of delay alone);

f. not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear (e.g. failing to approve the claim when the only medical evidence relied on by Met Life clarifies the evidence supports a finding of accidental thereby warranting claim approval); and

g. compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (e.g. forcing Mr. Everett to file suit with the hope that ERISA will limit his rights and remedies, as well as supporting him accepting a paltry $20,000 – less than 10% of the claim value).

(DN 23-1, at pp. 6-7). Everett's proposed amended complaint also adds more detailed allegations to the "Facts" section.

## Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely given when justice so requires." Birchwood Conservancy v. Webb, 302 F.R.D. 422, 424 (E.D. Ky. 2013) (quoting Fed.R.Civ.P. 15(a)(2)). In light of this liberal view, a motion to amend a pleading "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."

Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (citing Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)).

A proposed amendment to a pleading is futile if the amendment "could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). In order to survive a motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court may deny a motion to amend based on futility where adding a state-law claim would be frivolous given that ERISA clearly preempts such claims. See Hollingshead v. Aetna Health Inc., 589 F. App'x 732, 737 (5th Cir. 2014) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46-48 (1987)).

## Arguments

The heart of this dispute centers on whether Everett's proposed KUCSPA claims are preempted by the civil enforcement mechanism in 29 U.S.C. § 1132(a) of ERISA. Everett recognizes that the insurance policy at issue is subject to ERISA, which generally preempts state law claims; however, he argues that ERISA's "savings clause" captures his KUCSPA claims. (DN 23, at pp. 1-2 (quoting Harrison v. TEAMCARE, -- F. Supp. 3d --, 2016 WL 2858520 (E.D. Ky. May 13, 2016)).

MetLife opposes Everett's proposed amendment based on futility. (DN 26, at p. 1). The proposed KUCSPA claim, MetLife argues, is "completely preempted" by the civil enforcement

mechanism in 29 U.S.C. § 1132(a) of ERISA. (Id. at p. 2). MetLife asserts that, per Aetna Health Inc. v. Davila, 542 U.S. 200, 214 n.4 (2004), the civil enforcement mechanism of § 1132 is not limited by the "savings clause" in 29 U.S.C. § 1144 because "a state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism conflicts with Congress' clear intent to make the ERISA mechanism exclusive." MetLife emphasizes Davila's observation that even state laws that can arguably be characterized as "regulating insurance" will be preempted if they provide an alternative remedy for asserting a claim for benefits outside of, or in addition to, ERISA's remedial scheme. (DN 26, at p. 6 (quoting Davila, 542 U.S. at 217-18)). Because no other independent legal duty is implicated beyond the ERISA plan here, MetLife contends Everett's proposed KUCSPA claim is preempted by the direct and irreconcilable conflict with the ERISA enforcement mechanism. (DN 26, at p. 14).

MetLife also believes that Everett's reliance on Harrison v. TEAMCARE is inappropriate because that case is factually distinct. (Id. at p. 12). MetLife summarizes Harrison as allowing a plaintiff to assert KUCSPA claims against one defendant in the case, a third-party administrator, against whom the court concluded an ERISA claim could not be brought. (Id. at pp.12-13). MetLife distinguishes that because Everett is able to bring ERISA claims against it under § 1132(a) and did so in the original complaint, his ability to seek simultaneous relief under the KUCSPA is foreclosed. (Id. at p. 13). In sum, because all of Everett's KUCSPA claims arise from MetLife's administration of an ERISA plan and its handling of the benefits claim, MetLife urges the Court to deny the proposed claims as futile.

Everett filed a lengthy reply, contesting MetLife's preemption argument. (DN 27). Everett maintains that his proposed KUCSPA claims fall within ERISA's "savings clause" and, for that reason, are not preempted. (Id. at p. 9). Moreover, Everett asserts that MetLife cannot meet the Davila elements for complete preemption to apply because Everett's claims arise from MetLife's "separate and independent legal duty as a Kentucky licensed insurance company." (Id.).

Analysis

As outlined above, Everett's proposed amended complaint asserts numerous claims under the KUCSPA. The KUCSPA creates both first- and third-party obligations to settle insurance claims in good faith and "imposes what is generally known as the duty of good faith and fair dealing owed by an insurer to an insured or to another person bringing a claim under an insurance policy." Rawe v. Liberty Mut. Fire Ins. Co, 462 F.3d 521, 532 (6th Cir. 2006) (quoting Knotts v. Zurich Ins. Co, 197 S.W.3d 512, 515 (Ky. 2006) (citing KRS § 304.12-230)). The KUCSPA proscribes a list of fifteen enumerated acts or practices that it deems "unfair claims settlement practices." Knotts, 197 S.W.3d at 515. Everett alleges in his proposed amended complaint that MetLife violated seven subsections of the Act.

Because the parties do not dispute that the AD&D Plan at issue is an ERISA-regulated plan, the Court must determine whether ERISA completely preempts Everett's KUCSPA claims. Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by "provid[ing] a uniform regulatory regime over employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).

6

Under ERISA, a state-law claim that falls within the scope of the civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B) is "completely preempted[.]" In the Sixth Circuit, a claim falls within the scope of § 1132(a)(1)(B) if the two requirements of the Davila test are met: "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state of federal) independent of ERISA or the plan terms[.]'" Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 613 (6th Cir. 2013) (quoting Davila, 542 U.S. at 210).

Here, both of the Davila requirements for complete preemption are present. First, Everett's complaint is only based on the denial of benefits he is entitled to under an ERISA-regulated plan. Second, Everett does not claim any violation of a legal duty independent of those imposed by ERISA or the ERISA plan's terms. Each alleged KUCSPA violation: MetLife misrepresenting Everett's evidence supporting the claim; MetLife delaying issuance of a decision; MetLife processing Everett's claim with a preordained objective of denying the claim; MetLife's failure to obtain a medical review of Everett's claim; MetLife failing to approve the claim; and MetLife forcing Everett to file suit hoping that ERISA will limit his rights, arises in this instance solely because of MetLife's administrative processing and review of Everett's claim for benefits under the ERISA-regulated AD&D plan. See Hanshaw v. Life Ins. Co. of N. Amer., No. 3:14-CV-00216-JHM, 2014 WL 5439253, at *6 (W.D. Ky. Oct. 24, 2014) (citing Hogan v. Jacobson, 823 F.3d 872 (6th Cir. 2016)). Put otherwise, MetLife's duty and potential liability under state law in this case, derives from the particular rights and obligations established by the

AD&D plan. Everett's KUCSPA claims, accordingly, are not independent from ERISA or the ERISA-governed plan. See Hanshaw, 2014 WL 5439253, at *6.

Because Everett brings suit solely to rectify a wrongful denial of benefits promised under an ERISA-regulated plan and does not attempt to remedy any violation of a legal duty independent of ERISA, the Court concludes that Everett's KUCSPA claims fall within the scope of § 1132(a)(1)(B) and are, thus, completely preempted by ERISA. See Hagan v. Northwestern Mutual Life Ins. Co., 2016 WL 427922, at *4 (W.D. Ky. Feb. 3, 2016) (finding plaintiff's state-law claim under KUCSPA was preempted by ERISA).

As for Everett's arguments regarding ERISA's "savings clause," and the applicability of Harrison, the Court is unpersuaded. Everett is correct that ERISA contains an express preemption clause at 29 U.S.C. § 1144(a) stating that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Following the express preemption provision, the statute sets forth a "savings clause," which states that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of the state which regulates insurance . . . ." 29 U.S.C. § 1144(b)(2)(A). Even though the KUCSPA is a Kentucky statute regulating insurance, the "savings clause" alone cannot save Everett's claims from preemption. This is because, as outlined above, Everett's claims are subject to complete preemption under the civil enforcement provisions of 29 U.S.C. § 1332.[1]

The Court has also thoroughly reviewed the Harrison v. TEAMCARE-A Central States Health Plan case that is critical to Everett's "savings clause" argument and finds it distinguishable

---

1 In Parra v. John Alden Life Ins. Co., the Southern District of Florida addressed a plaintiff's similar argument that his state-law insurance claim should escape preemption through ERISA's savings clause. 22 F. Supp. 2d 1360 (S.D. Fl. 1998). The court found that despite the "seeming applicability" of the "savings clause" to Florida's Insurance Code, the savings clause alone could not save plaintiff's claims because the state-law claims were subject to complete preemption under the civil enforcement provisions of ERISA. Id. The same analysis applies to Everett's claims.

from Everett's circumstances. Harrison dealt with two separate defendants: Central States, the administrator of the ERISA-governed employee benefit plan, and HCSC, a third party administrator for the benefit plan. 2016 WL 2858520, at *1. Harrison initially filed suit against both Central States and HCSC, asserting numerous state-law claims, including violations of the KUCSPA. Id. at *2. The case was subsequently removed to federal court based on federal question jurisdiction, namely, because the lawsuit was a claim for benefits under an ERISA-based policy. Id. After removal, the Court determined that Harrison's state-law claims as to Central States should be recast in terms of ERISA but Harrison's state-law claims against HCSC should not be entirely preempted because HCSC "is neither the plan nor the plan administrator." Id.; *see also* DN 26-1, at p. 9). Later, in addressing HCSC's motion to dismiss Harrison's state-law claims, the Court concluded that because the KUCSPA is "specifically intended to regulate and protect the bargain struck between the insurer and the insured," the "savings clause" captures Harrison's KUCSPA claim against HCSC and saves it from preemption. Id. at *9.

To summarize, the district court in Harrison found Harrison's KUCSPA claims against Central States, the plan administrator, were preempted and re-characterized them as ERISA claims. Whereas, Harrison's KUCSPA claims against HCSC, a third party administrator against whom no ERISA-liability existed, could be saved by § 1144(b)(2)(A). *See* (DN 26-2, at p. 7).

Here, Everett's amended complaint only asserts state-law claims against the plan administrator, MetLife. MetLife, just like Central States in Harrison, is a plan administrator under ERISA's civil enforcement clause at § 1332. It follows that Everett, just like the plaintiff in Harrison, cannot use state law as an alternative to recover ERISA plan benefits against a plan administrator. Similarly, because MetLife is an ERISA plan administrator, the Harrison court's

9

analysis of the KUCSPA claims against HCSC is inapplicable to Everett's proposed KUCSPA claim against MetLife.  HCSC was "not the plan administrator of the Fund's separate ERISA welfare benefit plan," and was not "a named fiduciary with respect to the Fund's separate ERISA welfare benefit plan."  Harrison, 2016 WL 2858520 at *1.  As such, the Harrison court's determination that the "savings clause" captured Harrison's KUCSPA claims from preemption has no bearing on this case.

## ORDER

Based on the foregoing, the Court finds Everett's proposed KUCSPA claims are futile because they are completely preempted by ERISA.  The Court, accordingly, **denies** Everett's motion to amend (DN 23).

Copies:        Counsel of Record