UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00074-GNS-DW

ANTOINE D. EVERETT               PLAINTIFF

v.

METROPOLITAN LIFE INSURANCE
COMPANY                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Objection (DN 30) to Magistrate Judge Whalin's Memorandum Opinion & Order (DN 29), and Defendant's Motion for Leave to File Response to Plaintiff's Objection (DN 32). For the following reasons, Plaintiff's Objection (DN 30) is **OVERRULED**, and Defendant's Motion for Leave to File Response to Plaintiff's Objection (DN 32) is **GRANTED**.

### I. BACKGROUND

The Magistrate Judge's Memorandum Opinion & Order sets forth in detail the relevant facts of this matter, which the Court incorporates herein without a recitation. (Mem. Op. & Order 1-3, DN 29). The decision denied Plaintiff's motion to amend the Complaint to assert claims under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), KRS 304.12-230. (Pl.'s Mot. Amend Compl. 2-3, DN 23).

## II. JURISDICTION

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleading should be "freely given when justice so requires." *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2013) (citing Fed. R. Civ. P. 15(a)(2)). In light of this liberal view, a motion to amend a pleading "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

A proposed amendment to a pleading is futile if the amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). In order to survive a motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court may deny a motion to amend based on futility where adding a state-law claim would be frivolous given that ERISA clearly preempts such claims. *See Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46-48 (1987)).

## IV.     DISCUSSION

As noted above, the Magistrate Judge denied Everett's motion to amend the Complaint to add claims under the KUCSPA against Defendant Metropolitan Life Insurance Company ("MetLife"). (Mem. Op. & Order 10). The Magistrate Judge concluded that granting of the motion to amend would be futile because the KUCSPA claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (Mem. Op. & Order 6-10).

When objections are made to rulings by a magistrate judge involving nondispositive matters,[1] the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Everett has alleged that the Magistrate Judge: (1) erred when he found ERISA completely preempted his KUCSPA claim; (2) did not properly apply the Saving Clause of ERISA's express preemption provision, 29 U.S.C § 1144(b)(2)(A); and (3) improperly distinguished *Harrison v. TEAMCARE-A Central States Health Plan*, 187 F. Supp. 3d 812 (E.D. Ky. 2016), which Everett suggests is on point and supports his proposition. (Pl.'s Obj. 3). The Court will address each of the points asserted in Everett's objection in turn.

---

[1] At the outset, Everett questions the authority of the Magistrate Judge to rule on this motion. (Pl.'s Obj. 1 n.1, DN 30 [hereinafter Pl.'s Obj.]). As this Court has noted, "'[t]he Sixth Circuit has not addressed whether a motion to amend is a dispositive or nondispositive motion.' Most of the district courts in the Sixth Circuit appear to consider an order on a motion to amend as non-dispositive." *Masterson v. Xerox Corp.*, No. 3:13-CV-692-DJH-CHL, 2015 WL 4934203, at *1 n.1 (W.D. Ky. Aug. 18, 2015) (internal citation omitted) (citations omitted). *See also Young v. James*, 168 F.R.D. 24, 26 (E.D. Va. 1996) ("[A] motion to remand is not one of the motions listed in § 636(b)(1)(A) of the Federal Magistrates Act. This section specifically lists eight types of motions on which a magistrate judge may only submit proposed findings of fact and recommendations; these findings and recommendations are then subject to de novo review by a district judge." (internal citation omitted)). Consistent with that view, the Court concludes that the Magistrate Judge had the authority to address this nondispositive motion.

A.     **ERISA Preemption**

Everett contends that Magistrate Judge Whalin erred in concluding that ERISA preempts his claims under Kentucky law. As the Magistrate Judge correctly noted, the Supreme Court set out the test for complete preemption under ERISA in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). In *Davila*, the Supreme Court stated:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). *In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).*

*Id.* at 210 (emphasis added). Put differently, a claim will be preempted if: (1) the plaintiff complains about the denial of benefits to which he is entitled "only because of the terms of an ERISA-regulated employee benefit plan"; and (2) the plaintiff does not allege the violation of any "legal duty (state or federal) independent of ERISA or the plan terms . . . ." *Id.* at 210.

In the Memorandum Opinion & Order, the Magistrate Judge concluded that both of the *Davila* requirements for complete preemption were present. "First, Everett's complaint is only based on the denial of benefits he is entitled to under an ERISA-regulated plan. Second, Everett does not claim any violation of a legal duty independent of those imposed by ERISA or the ERISA plan's terms." (Mem. Op. & Order 7). Because MetLife's duty and potential liability under state law arises from the rights and obligations established by the ERISA-governed plan, the Magistrate Judge concluded that Everett's KUCSPA claims are not independent from ERISA. (Mem. Op. & Order 8). The Magistrate Judge ultimately determined that Everett's

4

KUCSPA claims were completely preempted under 29 U.S.C. § 1132. (Mem. Op. & Order 6-10).

The basis of Everett's objection is that the second element of the *Davila* test is not satisfied. According to Everett, the Magistrate Judge "ignore[d] the basic fact that as an insurer in the state of Kentucky, Met Life is bound to Kentucky's insurance laws and regulations." (Pl.'s Obj. 9). Everett then goes on to list the "rights and obligations" that the KUCSPA imposes on an insurer who sells insurance in Kentucky. To summarize, Everett argues that because MetLife is subject to the rights and obligations of KUCSPA while doing insurance business in Kentucky, a legal right is created that is independent of ERISA, and thus, there is no preemption.

MetLife responds that Everett misunderstands when a legal duty is "independent" of an ERISA plan.

> "'Whether a duty is 'independent' of an ERISA plan, for purposes of the *Davila* rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms.'" Rather, "[w]hat matters is whether [Defendant]'s duty and potential liability under state law derives 'from the particular rights and obligations established by the [ERISA] benefit plan[].'"

(Def.'s Resp. Pl.'s Obj. 2 (internal citations omitted) (citation omitted)). MetLife argues the violations of KUCSPA alleged by Everett arise from the particular rights and obligations established by the ERISA-governed policy, thus, KUCSPA claims are not independent of ERISA or the plan terms. (Def.'s Resp. Pl.'s Obj. 2-5).

The Court agrees with the Magistrate Judge and MetLife that even though KUCSPA does create rights and obligations which an insured doing business in Kentucky must follow, it does not mean that KUCSPA claims are *independent* from ERISA when the plaintiff's claims arise from a violation of the rights and duties under an ERISA-governed policy. A plethora of case law from the Western District of Kentucky supports this proposition. In the similar case of

*Howard v. Prudential Insurance Company of America*, No. 3:16-CV-00752-CRS, 2017 WL 1199759 (W.D. Ky. Mar. 30, 2017), this Court held that the plaintiff's KUCSPA claims that arose from an alleged wrongful denial of benefits of an ERISA regulated plan did "not seek to correct any violation of a legal duty that is independent of ERISA" and were completely preempted. *Id*. at *4. Similarly, in *Milby v. Liberty Life Assurance Company of Boston*, 102 F. Supp. 3d 922 (W.D. Ky. 2015), and again in *Hagan v. Northwestern Mutual Life Insurance Company*, No. 3:15-CV-00298-CRS, 2016 WL 427922 (W.D. Ky. Feb. 3, 2016), this Court found claims under KUCSPA were completely preempted because the claims, like Everett's here, were based on administration of benefits claims and the duties allegedly breached only existed because of the ERISA-regulated plan. *Milby*, 102 F. Supp. 3d at 934-35 (citation omitted); *Hagan*, No. 3:15-CV-00298-CRS, 2016 WL 427922, at *4. Additionally, in *Hanshaw v. Life Insurance Company of North America*, No. 3:14-CV-00216-JHM, 2014 WL 5439253 (W.D. Ky. Oct. 24, 2014), this Court held that a state law contract claim did not arise independently of ERISA because the rights and obligations under the contract were established by an ERISA-regulated policy. *Hanshaw*, 2014 WL 5439253, at *5-6.

As the Sixth Circuit has stated, a state law claim is independent of ERISA when the duty conferred was "not derived from, or conditioned upon, the terms of" the plan and there is no "need[ ] to interpret the plan to determine whether that duty exists." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013) (citing *Davila*, 542 U.S. at 210). In this case, Everett's KUCSPA claims are premised on the alleged wrongful denial of benefits promised under an ERISA benefit plan. (Pl.'s Mot. Amend 2-5, DN 23-1). Accordingly, there will clearly be a "need[] to interpret the plan to determine whether that duty exists." *Id*. (citing *Davila*, 542 U.S. at 210). Therefore, Everett's KUCSPA claims cannot be said to arise from any

"legal duty (state or federal) independent of ERISA or the plan terms." *Davila*, 542 U.S. at 210. Accordingly, the Court concludes that the Magistrate Judge's ruling that Everett's KUCSPA claims are completely preempted by ERISA is not clearly erroneous or contrary to law, and the objection is overruled on this basis.

  B. **ERISA Savings Clause**

Everett attempts to defeat complete preemption by arguing that his KUCSPA claims fall under the Savings Clause of ERISA's express preemption provision. *See* 29 U.S.C. § 1144(b)(2)(A). The express preemption clause of ERISA provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Following the express preemption provision, the statute sets forth a Savings Clause that states "nothing in this subchapter shall be construed to exempt or relieve any person from any law of the state which regulates insurance . . . ." 29 U.S.C. § 1144(b)(2)(A).

The Magistrate Judge concluded that although KUCSPA is a Kentucky statute regulating insurance, the Savings Clause did not save Everett's KUCSPA claims from preemption. (Mem. Op. & Order 8-10). "This is because . . . Everett's claims are subject to complete preemption under the civil enforcement provision of 29 U.S.C. § 1132." (Mem. Op. & Order 8). Everett objects to Magistrate Judge Whalin's conclusion that the Savings Clause of ERISA does not apply to save Everett's KUCSPA claims. Specifically, Everett contends that the Magistrate Judge "conflate[d] the issue of express preemption and the savings clause, with a jurisdictional, not merits issue – complete preemption." (Pl.'s Obj. 4). Further, Everett argues that the Magistrate Judge's conclusion eviscerates the Savings Clause effectively making it a nullity, and ignores the Supreme Court's mandate in *Kentucky Association of Health Plans, Inc. v. Miller*,

538 U.S. 329 (2003). (Pl.'s Obj. 5-6). Finally, Everett argues that this reading of the Savings Clause raises constitutional concerns. (Pl.'s Obj. 6).

There are two types of ERISA preemption: (1) complete preemption under 29 U.S.C. § 1132(a)(1)(B); and (2) express preemption under 29 U.S.C. § 1144(a). *See Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996) ("Differentiating ERISA preemption under § 1144 from ERISA preemption under Section 1132(a)(1)(B), which creates a federal cause of action for participants and beneficiaries in ERISA plans, we held that while the latter completely preempts state law, the former does not[.]" (citing *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir. 1995))). The two doctrines "are unique, distinct, and mutually exclusive; as to a single claim, they are incompatible and cannot exist." *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003).

As determined above, Everett's KUCSPA claims are completely preempted. *See Davila*, 542 U.S. at 210 ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B) [i.e., 29 U.S.C. § 1132(a)(1)(B)], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is *completely pre-empted by ERISA § 502(a)(1)(B).*" (emphasis added)). Everett's federal ERISA claim completely replaces his state law KUCSPA claim. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) ("The rationale undergirding [the complete preemption doctrine] [] is that where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished, the only theory of recovery remaining is the federal claim, which takes the place of the state law claim recited in the complaint." (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)). Therefore, there is no state law claim left to "save." *Loffredo v. Daimler AG*, 500 F. App'x 491, 501 (6th Cir. 2012) (Moore, J., concurring)

(discussing that, because complete preemption converts the state law claim to an ERISA claim, it cannot be "preempted by ERISA" because ERISA cannot "preempt" the ERISA claim that remains (citing *Ackerman*, 254 F. Supp. 2d 792, 816-17)).

Accordingly, the Magistrate Judge correctly held that the Savings Clause of Section 1144 does not apply to state law claims that are completely preempted. This Court has previously held that the Savings Clause of ERISA's express preemption provision does not save a state law claim that is subject to complete preemption. In *Forbes v. Cemex*, No. 1:03-CV-67-TBR, 2005 WL 1801923 (W.D. Ky. July 28, 2005), this Court noted that even if a claim could potentially fit the criteria laid out in the Savings Clause of Section 1144 to be "saved," the claim would still remain completely preempted under Section 1132. *See Forbes*, 2005 WL 1801923, at *2 ("Even if an insurance provision is saved under § 514(b)(2)(a) of ERISA, 29 U.S.C. § 1144(b)(2)(a), this court could still find that the insurance provision conflicts with the enforcement provisions, § 502 of ERISA, 29 U.S.C. § 1132." (citing *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 287 (4th Cir. 2003))).

Similarly, the Supreme Court explained in *Davila*:

> [The ERISA Savings Clause] must be interpreted in light of the congressional intent to create an exclusive federal remedy in [§ 1132(a)]. Under ordinary principles of conflict pre-emption, . . . even a state law that can arguably be characterized as 'regulating insurance' will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme.

*Davila*, 542 U.S. at 217-18; *see also Quality Infusion Care, Inc. v. Humana Health Plan of Tex., Inc.*, 290 F. App'x 671, 681-82 (5th Cir. 2008) (holding that the Savings Clause does not apply to the concept of complete preemption under ERISA Section 502); *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1226 n.6 (9th Cir. 2005) (holding that the Savings Clause relates to express preemption, but is irrelevant to a complete preemption analysis); *Hooper v. Albany Int'l Corp.*,

149 F. Supp. 2d 1315, 1323 (M.D. Ala. 2001) (concluding that, even assuming the state law was covered by the Savings Clause, it was still completely preempted). Therefore, there is no merit to Everett's argument that the Magistrate Judge conflated the issues of express and complete preemption, as he correctly concluded that where ERISA completely preempts a state law claim and that the ERISA Savings Clause does not save Everett's state law claims from complete preemption. (Mem. Op. & Order 8-10).

Furthermore, the Court finds no merit to Everett's argument that applying complete preemption somehow renders the Savings Clause of Section 1144 a nullity, and this Court does not believe that complete preemption would "eviscerate . . . the Supreme Court's mandate" in *Miller*. First, Everett does not explain how this interpretation annuls the provision. In fact, the Sixth Circuit has applied the Savings Clause to save state insurance laws in a different context and explicitly found those laws did not conflict with ERISA's enforcement provision. *See Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 604-08 (6th Cir. 2009). A statute cannot be a "nullity" simply because it only applies to a context different from Everett's claims. Second, applying complete preemption here does not "eviscerate" *Miller*. In *Miller*, the Supreme Court set out the test for interpreting the application of the Savings Clause. *See Miller*, 538 U.S. at 341-42. Yet, *Davila*, issued in 2004, explicitly held that the Savings Clause does not limit the complete preemption analysis because, even where there is no express preemption, state claims within the ERISA enforcement mechanism are still preempted. *See Davila*, 542 U.S. at 214 n.4. Thus, the Court finds that the Magistrate Judge did not err in rejecting these arguments.

Finally, the Court finds that applying complete preemption in this context does not raise constitutional concerns, as Everett contends. Everett cites to *Gobeille v. Liberty Mutual Insurance Company*, 136 S. Ct. 936 (2016), in which Justice Thomas in his *concurrence* mused

about whether ERISA express preemption provision was constitutional as written, considering that the Supreme Court had dialed back the scope of Section 1144(a) using interpretations that were not textually supported. *Gobielle*, 136 S. Ct. at 947-48 (Thomas, J., concurring). Justice Thomas began his concurrence with the express acknowledgement that the majority had correctly applied its prior precedent when it invalided a state statute under Section 1144. It is also noteworthy that neither the majority's opinion nor the concurrence addresses the issue of complete preemption at all. Accordingly, Everett's argument wholly lacks merit.

The Magistrate Judge's conclusion that Everett's KUCSPA claims were completely preempted and thus had no potential to be saved by the Savings Clause of ERISA Section 1144 is not clearly erroneous or contrary to law. Therefore, the Court overrules Everett's objection for these reasons.

### C. *Harrison* Decision

Finally, Everett argues that the Magistrate Judge erred in distinguishing *Harrison v. TEAMCARE-A Central States Health Plan*, 187 F. Supp. 3d 812 (W.D. Ky. 2016), because it is "directly on point with this case and supports the Court permitting [] Everett to amend his complaint." (Pl.'s Obj. 11). After a thorough review of *Harrison*, the Court concludes that the Magistrate Judge's decision to distinguish *Harrison* was not clearly erroneous or contrary to law.

The *Harrison* court had previously ordered dismissal of the state law claims against Central States, the plan administrator, because they were completely preempted by ERISA. *Harrison*, 187 F. Supp. 3d at 815. Later, the court granted the plaintiff's motion to amend the court's order and held that the KUCSPA claims against Health Care Services Corporation ("HCSC") were not completely preempted because HCSC was neither the plan nor the plan administrator and the plaintiff could not have brought his claims against HCSC under ERISA's

11

civil enforcement mechanisms, 29 U.S.C. § 1132(a). *Id*. Yet, the KUCSPA claims against Central States, the plan administrator, remained completely preempted as they were subject to ERISA's civil enforcement mechanisms. *Id*.

It is clear in this case that MetLife is the plan administrator, and is thus subject to the civil enforcement mechanisms of ERISA. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006) ("It was Lafayette who made a decision with respect to Plaintiff's benefits, not MTA. Lafayette, and not MTA, is therefore the proper party defendant for a denial of benefits claim by Plaintiff." (citation omitted)). Thus, Everett's KUCSPA claims against MetLife are completely preempted. Accordingly, Everett's objection is overruled on this basis.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 30) is **OVERRULED**, and Defendant's Motion for Leave to File Response to Plaintiff's Objection (DN 32) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
May 15, 2017

cc: counsel of record

12